UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| D H Massey Enterprises LLC, § § *Plaintiff,* § § vs. § § The United States Small Business § Administration; Isabel Casillas Guzman, § in her official capacity as Administrator of § the Small Business Administration; and § Janet Yellen, in her official capacity as § United States Secretary of Treasury, and § the United States of America, § § *Defendants.* § | Cause No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, D H Massey Enterprises LLC ("Plaintiff") and files this Complaint against Defendants, the United States Small Business Administration ("SBA"), Isabel Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, and allege the following:

### I. INTRODUCTION

1. This is an appeal of denial of loan forgiveness by the SBA involving the Paycheck Protection Program ("PPP"). Plaintiff was approved for $3,311,200.00 in PPP Loans. The SBA determined that Plaintiff was ineligible for PPP loan

forgiveness on account of having an owner with 20% or more equity on probation at the time of applying for the PPP loan.

2.     Critical to this appeal, the Interim Final Rule ("IFR") relied upon by the SBA to deny forgiveness was modified extensively over the course of the PPP. In fact, under subsequent iterations of the IFRs, probation commenced in 2013 – as was the case here – would not disqualify a borrower for forgiveness. Importantly, these IFR revisions were to be applied *retroactively*, changing the requirements for PPP eligibility for all PPP loans and forgiveness. Yet, despite the clear retroactive application of these modifications, the SBA denied forgiveness to Plaintiff, and, on administrative appeal, the administrative law judge ("ALJ") committed clear error in not applying the revised IFRs to Plaintiff. For this reason, Plaintiff has been forced to file suit.

## II.     PARTIES

3.     D H Massey Enterprises LLC is a Texas Limited Liability Company duly organized and authorized to conduct business in the State of Texas. D H Massey Enterprises LLC is located at 1529 13th Street, Argyle, Texas 76226, which is located in Denton County, Texas.

4.     Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. 633 § *et seq*. Under the CARES Act, Pub. L. No. 116-136, 134 State. 281 (2020), the SBA administers the PPP. The SBA maintains a branch office at 150 Westpark Way, Suite 130, Euless, Texas 76040-3705, which is within the Northern District of Texas—Fort Worth Division.

5. Defendant Isabel Casillas Guzman ("Guzman") is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity. Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for causes of action brought under the Administrative Procedure Act ("APA"). Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

6. Defendant Janet Yellen ("Yellen") is the Secretary of the United States Department of Treasury and is sued only in her official capacity.

7. Plaintiff currently does not seek monetary relief, and only seeks to restrain the actions of the Administrator and the Secretary in each of their official capacities and requests only declaratory and injunctive relief under 5 U.S.C. § 701, *et seq*. in order to restrain the actions of the SBA, the Administrator, and the Secretary in each of their official capacities.

8. The United States of America is a sovereign nation dedicated to the protection of life, liberty, and property as set forth in the Bill of Rights and other provisions and amendments to the Constitution of the United States of America.

### III. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court also has subject-matter jurisdiction under 5 U.S.C. § 706.

10. This Court has personal jurisdiction over all Defendants in this action because Defendants regularly conduct business in the State of Texas and have

engaged in conduct alleged herein in Texas targeted toward Texas residents, business, and/or interests.

11. Authority for judicial review of agency actions is further provided by 5 U.S.C. § 702.

12. Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

13. The request for declaratory relief is founded in part under Rule 57 of the Federal Rules of Civil Procedure and in 28 U.S.C. § 2201.

14. No other action, civil or criminal, is pending in any state court involving Plaintiff regarding the activities and events relevant to this suit.

15. Pursuant to 28 U.S.C. § 1391(b) or (e), venue in this Court is appropriate as the SBA and Treasury Department operate in the Northern District of Texas; and the acts causing injury occurred in the Northern District of Texas.

### IV. STATEMENT OF FACTS

**A.   The Paycheck Protection Program**

16. Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), in order to mitigate the economic devastation and mass unemployment caused by the COVID-19 Pandemic. Congress created the PPP to help accomplish that critical goal. The PPP authorized the SBA to guarantee billions of dollars in loans for small businesses. PPP loans were to be made by private lenders with Congress pledging to forgive these loans provided that, among other things, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. § 636 (a)(36)(F).

17. "The PPP is a new loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)). Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020). Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.* (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,813-14 (Apr. 15, 2020)).

18. The CARES Act was effective immediately and was not subject to the 30-day delay that is provided for in the APA. 85 Fed. Reg. 20811, 20811. The loan application deadline was June 30, 2020, which meant there was no time for notice-and-comment rulemaking. Congress recognized the need for the ability to change and modify the program, however, so Congress still solicited comments from interested members of the public.

19. Under the initial requirement (the "<u>First Interim Final Rule</u>"), a business was ineligible for a PPP loan if "[a]n owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony

within the last five years." 85 Fed. Reg. 20811, 20812. In other words, any type of probation or parole by a 20% owner was sufficient to disqualify the business from receiving a PPP loan.

## B. Additional Eligibility Revisions

20. Shortly after the First Interim Final Rule took effect, on June 26, 2020, the SBA promulgated "Additional Eligibility Revisions to First Interim Final Rule" (the "June 26 IFR"), modifying the requirements for PPP eligibility. The SBA stated:

> *Upon further consideration, and in consultation with the Secretary, the Administrator has determined that two additional modifications to the First Interim Final Rule are appropriate to ensure a consistent approach to applicants with criminal histories . . . Second, the First Interim Final Rule provided that an applicant was ineligible for a PPP loan if an owner of 20 percent or more of the equity of the applicant is on probation or on parole. The Administrator has determined that this restriction should be limited to individuals whose probation or parole commenced within the time periods specified above—i.e., within the last five years for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, and within the last one year for other felonies. In other words, under the Additional Eligibility Requirements, loan applicants were no longer disqualified based on owner's prior DWI.* 85 Fed. Reg. 38301, 38302-03 (emphasis added).

## C. Section 3(d) Makes Amendments Retroactive.

21. Importantly, the SBA made the Additional Eligibility Revisions retroactive consistent with section 3(d) of the Paycheck Protection Program Flexibility Act of 2020. *Id.* at 38304. "Section 3(d) of the Flexibility Act provides that the amendments relating to PPP loan forgiveness and extension of the deferral period for PPP loans shall be effective as if included in the CARES Act, which means the amendments are retroactive to March 27, 2020." 85 Fed. Reg. 36997, 36997 (emphasis

added). Thus, the regulations regarding parole and probation, as described in the June 26 IFR, govern all PPP loans applied for on or after March 27, 2020.

### D.   Background and Application for the PPP Loan.

22.   Plaintiff is the holding company for six McDonald's restaurants owned by Daniel Heath Massey. The Massey family consists of Phyllis and William T. Massey (parents), Chanda Massey (daughter), and Daniel Heath Massey (son) (the "Massey Family") who collectively own fifteen McDonald's franchised stores in the Dallas-Fort Worth area (the "Massey Companies"). Phyllis and William Massey operate six McDonald's restaurants through three operating companies and a holding company, Chanda Massey operates three McDonald's restaurants through her operating company and a holding company, and Daniel Heath Massey operates six McDonald's restaurants through his two operating companies and a holding company (i.e., Plaintiff). The Massey Companies employ more than 800 employees.

23.   McMassey Management Services LLC and McMassey Staff Services LLC (collectively, the "Management Companies") provide payroll and human resource services to all of the Massey Companies. The Management Companies are wholly owned by Phyllis and William Massey's holding company, B&G Massey Enterprises, Inc. ("B&G"). The Management Companies received the funds of the PPP Loan and expended them in strict accordance with all PPP guidelines.

24.   While Plaintiff is the holding company for the six McDonald's restaurants owned by Daniel Heath Massey, as noted above, Plaintiff applied for the PPP Loan on behalf of all of the Massey Companies, and the SBA was indisputably

aware of same. Indeed, the PPP Loan application was completed using statistics concerning average monthly payroll, number of employees, etc., that were for the Massey Companies in the aggregate, not just Plaintiff. The individual completing the PPP Loan application was Daniel Heath Massey, the CEO and owner of Plaintiff. However, Daniel Heath Massey is also an employee of the Management Companies and completed the PPP Loan application for all of the Massey Companies and the Management Companies. Again, the Management Companies are wholly owned by B&G, which itself is owned 100% by Phyllis and William Massey.

### E.     Denial of Plaintiff's Loan Forgiveness.

25.    As noted, Plaintiff is 100% owned by Daniel Heath Massey (hereafter, "Massey").

26.    Massey was convicted of a third-degree felony DUI on September 17, 2012, spent forty-five days in jail, and was required to serve one-hundred twenty months of probation, commencing on June 5, 2013.

27.    In April 2020, Plaintiff submitted its PPP loan application to its lender, Citizens Bank, National Association.

28.    Massey was on probation at the time Plaintiff submitted its PPP loan application.

29.    On March 7, 2022, Plaintiff was denied loan forgiveness, based on the fact that Massey was on probation.

30.    On April 1, 2022, Plaintiff initiated its administrative appeal.

31.    On July 15, 2022, the SBA filed its response to Plaintiff's appeal.

32. On August 30, 2022, Plaintiff received the United States Small Business Administration Office of Hearings and Appeals' ("OHA") Decision.

33. OHA's Decision became final on September 29, 2022, thirty days after its service. 13 CFR 134.1211.

34. Throughout Plaintiff's appeal process, it argued that the subsequent IFRs should be applied to its loans.

35. As previously referenced, on June 26, 2020, the SBA published its June 26 IFR, which provides that the "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive effect but does have a limited retroactive effect consistent with section 3(d) of the Flexibility Act." 85 Fed. Reg. 38304.

36. The June 26 IFR is retroactive as to be consistent with section 3(d) of the Flexibility Act, which provides that amendments shall be effective as if included in the CARES ACT and shall apply to any loan made pursuant to section 7(a)(36) of the Small Business Act or section 1109 of the CARES Act. 85 Fed. Reg. 38301, 38304; H.R. 7010 (2020). Thus, the regulations regarding criminal history exclusions are applied to any and all PPP loans that were applied for on or after March 27, 2020.

37. The June 26 IFR also provides that individuals who are on probation are still eligible unless they "*commenced* any form of parole or probation (including probation before judgment) for, a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance

within the last five years." 85 Fed. Reg. 38303 (emphasis added). Massey commenced probation in 2013 and applied for a PPP Loan on behalf of Plaintiff in 2020, almost seven years after Massey's probation commenced. Additionally, Massey's conviction was not one involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance. Thus, Plaintiff's appeal should have been granted and the SBA's denial reversed.

## V.   CAUSES OF ACTION

### A.   COUNT I - Agency Action Contrary to Law (4 U.S.C. § 706(2)(A) &(C))

38. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

39. The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

40. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* at §§ 706(2)(A), (C).

41. The June 26 IFR states explicitly that, "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive effect but does have a limited retroactive effect consistent with section 3(d) of the Flexibility Act." 85 Fed. Reg. 38304 (emphasis added).

Section 3(d) of the Flexibility Act, H.R. 7010 (2020) states:

*(d) Effective Date; Applicability.*
*The amendments made by this section shall be effective as if included in the CARES Act (Public Law 116-136) and shall apply to any loan made pursuant to section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) or section 1109 of the CARES Act.*

42. Additionally, SBA has applied other PPP regulations retroactively. For example, in *Auto Money North LLC v. United States Small Business Administration et al.*, 7:22-CV-001455-DCC (S.C. D.Ct. May 5, 2022), the SBA applied the Exclusion Rule retroactively to an approved PPP borrower. Accordingly, since the June 26 IFR explicitly calls for retroactive application, Plaintiff was eligible for its PPP loan; and the SBA's denial of forgiveness was, therefore, improper.

43. Defendants' actions of (i) refusing to apply the retroactive language clearly set forth in the June 26 IFR and (ii) determining that Plaintiff was ineligible for PPP Loan forgiveness are not in accordance with the law, including the CARES Act, the APA, and the June 26 IFR. Plaintiff is entitled to an order declaring the same.

44. Plaintiff is also entitled to a permanent injunction enjoining Defendants from applying the First Interim Final Rule to Plaintiff and an order requiring the SBA to forgive Plaintiff's PPP loans.

**B.  COUNT II - Arbitrary & Capricious Agency Action (4 U.S.C. § 706(2)(A))**

45. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

46. The APA authorizes judicial review of federal agency action (5 U.S.C. § 702) and provides that the reviewing court shall "hold unlawful and set aside agency

action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id.* at § 706(2)(A).

47. The disqualification requirement under the First Interim Final Rule is no longer in effect, and the June 26 IFR applies retroactively.

48. In addition, courts have held the First Interim Final Rule arbitrary and capricious because it did not adequately explain the criminal history exclusion.

49. Therefore, Plaintiff's forgiveness should not be reviewed under the arbitrary and capricious, no-longer-in-effect First Interim Final Rule. 5 U.S.C. § 706(2)(A). Plaintiff is entitled to loan forgiveness under the CARES Act and the June 26 IFR.

## C.   COUNT III - Declaratory Judgment (28 U.S.C. § 2201)

50. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

51. Plaintiff qualifies for loan forgiveness because the June 26 IFR requirements apply retroactively. However, the SBA is refusing to apply the legally required retroactive effect of the June 26 IFR to Plaintiff's loans.

52. A declaratory judgment from this Court, that Defendants may not exclude businesses from PPP eligibility, based on the First Interim Final Rule exclusions, will resolve this actual controversy.

53. Plaintiff requests that the Court enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that:

   a.   Plaintiff is eligible for loan forgiveness under the CARES Act;

   b.   Plaintiff is an eligible recipient under the CARES Act;

  c.  The SBA's attempt to deny loan forgiveness to Plaintiff is an improper and impermissible application of the law, contrary to the CARES Act and the June 26 IFR; and

  d.  The SBA must grant loan forgiveness of its loans to Plaintiff.

**D.**  **COUNT IV - Alternative Claim For Partial Forgiveness**

  54.  Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

  55.  In the alternative to Counts I, II, and III, Plaintiff seeks partial forgiveness under 4 U.S.C. § 706(2)(A) &(C) and 28 U.S.C. § 2201.

  56.  Should the Court find that the June 26 IFR is not retroactive, the SBA still should have forgiven those funds that were used by related entities (of which the SBA was fully aware) that did not have an owner (with more than 20%) that was on probation, because its only ground for denial was the criminal history exclusion.

  57.  The criminal history exclusion should not apply to the funds that went to the Management Companies and B&G, as Massey did not own an interest greater than 20% in any of those entities. Additionally, at all relevant times during the application process, the SBA knew that Plaintiff was seeking funds for these entities since the SBA had requested and obtained financial records for each of them.

**F.**  **COUNT V - Attorney's Fees (5 U.S.C. § 504)**

  58.  Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

  59.  Plaintiff has been forced to retain the services of the law firm of Eggleston King Davis, LLP in connection with this dispute.

  60.  Pursuant to 5 U.S.C. § 504 of the APA, Plaintiff seeks all reasonable and necessary attorney's fees and costs associated with this suit.

## REQUESTS FOR RELIEF

For these reasons, Plaintiff, D H Massey Enterprises LLC, requests that the Court order the following relief:

a. Declare that the SBA erred in refusing to apply the June 26 IFR to Plaintiff's PPP loan;

b. Declare that the SBA's application of the First Interim Final Rule to Plaintiff, in denying forgiveness of Plaintiff's PPP loans, was arbitrary and capricious;

c. Permanently enjoin the SBA from enforcing the First Interim Final Rule against Plaintiff in determining eligibility for forgiveness;

d. Order the SBA to forgive Plaintiff's PPP loan;

e. Issue a declaratory judgment that Plaintiff has met all requirements for loan forgiveness under the CARES Act; that Plaintiff is an "eligible recipient under the CARES Act; that the SBA's attempts to deny loan forgiveness to Plaintiff is an improper and impermissible application of law, contrary to the CARES Act and the June 26 IFR; and that the SBA shall grant loan forgiveness to Plaintiff;

f. Award costs and reasonable attorney's fees to the extent permitted by law; and

g. Grant all such further relief, both legal and equitable, to the extent Plaintiff shows itself justly entitled.

Respectfully submitted,

EGGLESTON KING DAVIS, LLP
102 Houston Avenue, Suite 300
Weatherford, Texas 76086
(817) 596-4200
(214) 717-0980 Cell

By: */s/ David D. Rapp*
    David D. Rapp
    State Bar No. 24027764
    david@ekdlaw.com
    Julian E. Whitley
    State Bar No. 24108913
    julian@ekdlaw.com

-and-

*/s/ Jason C. Nash*
Jason C. Nash
State Bar No. 24032894
jnash@jasonnashlaw.com
**THE LAW OFFICE OF
JASON NASH, P.L.L.C.**
601 Jameson Street
Weatherford, Texas 76086
(817) 757-7062 Phone

**ATTORNEYS FOR PLAINTIFF
D H MASSEY ENTERPRISES LLC**